UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAYMOND GESTACH, JR. | Case No.: |
| Plaintiff, | Judge: |
| v. | **COMPLAINT FOR DAMAGES** |
| AUTO BUTLER, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, RAYMOND GESTACH, JR. ("Gestach" or "Plaintiff") by and through the undersigned attorneys, brings this Complaint against Defendant, AUTO BUTLER, INC. d/b/a "Broadway Equipment," "Broadway Equipment Company" and/or "Broadway Car Wash Equipment," ("Broadway" or "Defendant"), states as follows:

## INTRODUCTION

1. This Complaint is brought by Plaintiff to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. §§ 177.21, *et seq.,* California's Labor Code, specifically §§ 510 and 512, and other appropriate rules, regulations, statutes, and ordinances. Specifically, Defendant failed to compensate Plaintiff at the overtime premium rate for all hours worked over 40 in one workweek, as required under the FLSA, MFLSA, and California's Labor Code.

2. Broadway is a car wash design, manufacturing and supply company located in Minneapolis, Minnesota. Broadway describes itself as a "true, factory-direct, single-source supplier for the entire wash system, accountable for the sales, service and support of everything we provide." *See Design and Manufacturing*, Broadway Car Wash Equipment,

1

https://broadwayequipment.com/manufacturing/ (last visited August 30, 2019). Specifically, Broadway designs car washes, manufactures them, transports them to the buyer or "customer's" site, and assembles and installs the car wash for the customer.

3. Defendant hired Plaintiff as a full-time Driver and Installer on or around December 15, 2010. During the past three years Plaintiff was employed at the rate of $22.25 per hour until he received a raise to $23.00 per hour in August of 2019. Plaintiff's job includes transporting car washes to Defendant's customers, installing the car washes, and removing the old car washes, if needed. As part of his job Plaintiff occasionally performs work in California. Plaintiff is currently employed by Defendant.

4. For the performance of his job Plaintiff also regularly drove, worked on, or was transported in "small vehicles" which operated in interstate commerce as defined by the Technical Corrections Act of 2008 ("TCA"), both while Plaintiff was "on the road" transporting and assembling car washes, and while Plaintiff worked at Defendant's Minneapolis, MN headquarters. Pursuant to the TCA, Plaintiff is exempt from the Motor Carrier Act, and thus owed overtime compensation, for all workweeks in which Plaintiff drove, worked on, or was transported in a "small vehicle." *See Field Assistance Bulletin No. 2010-2*, U.S Department of Labor (Nov. 4, 2010), https://www.dol.gov/whd/FieldBulletins/fab2010_2.htm.

5. During the past three years Plaintiff routinely worked in well in excess of forty (40) hours per workweek for Defendant. Plaintiff was (and still is) not compensated at the overtime premium rate of one and one-half times his standard rate of pay for any hours worked in excess of forty (40) in one workweek, as required by the FLSA and MFLSA.

6. During the past three years Plaintiff also routinely worked in excess of eight (8) hours per workday for Defendant while he performed work in California. Plaintiff was not

compensated at the overtime premium rate of one and one-half times his standard rate of pay for any hours worked in excess of eight (8) in one day, as required by California's Labor Code.

7.      Furthermore, Plaintiff, who routinely worked in excess of eight (8) hours per workday, and occasionally more than ten (10) hours per workday, while he performed work in California for Defendant, was not allowed a meal break(s) as required under California law.

8.      The U.S. Department of Labor specifically condemns an employer's nonpayment of overtime: "Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay." *See* U.S. Department of Labor, DOL Fact Sheet #23 at 1, available at https://www.dol.gov/whd/regs/compliance/whdfs23.pdf.

9.      The State of Minnesota equally condemns nonpayment of overtime. The purpose of the MFLSA is to "safeguard existing minimum wage and overtime compensation standards that maintain workers' health, efficiency, and general well-being against the unfair competition and wage and hour standards that do not . . . ." Minn. Stat. § 177.22.

10.     California likewise requires employers to pay employees overtime, as well as compensate employees for meal breaks, for the purpose of "promot[ing] and develop[ing] the welfare of the wage earners in California, to improve their working conditions and to advance their opportunities for profitable employment." *The Laws Relating to the Time, Manner, and Payment of Wages*, State of California Department of Industrial Relations, Division of Labor Standards Enforcement 2, *available at* https://www.dir.ca.gov/dlse/lawstimemannerpaymentwages.pdf (last visited August 30, 2019); *see also* Cal. Labor Code §§ 510, 512.

11.     Plaintiff brings this action on behalf of himself to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any

other remedies to which he may be entitled.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq*.

13. Upon information and belief, Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce, as alleged herein, and therefore, they are also covered by the FLSA on an individual basis.

14. This Court has personal jurisdiction over Defendant because it is headquartered within the state of Minnesota, and because a substantial portion of the wrongful acts complained of herein occurred within the state of Minnesota.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant employs personnel in this District, and a substantial portion of the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

16. Raymond Gestach, Jr. is an individual who resides in the city of Minneapolis, county of Hennepin, Minnesota. Gestach is employed by Defendant as a Driver and Installer. Plaintiff's employment with Defendant began on or around December 15, 2010. Plaintiff's Consent to Sue is attached hereto as Exhibit 1.

17. Defendant Auto Butler Inc. is a Minnesota company doing business as "Broadway Equipment Company." According to its website, www.broadwayequipment.com, Broadway's principal place of business is located at 4701 Humboldt Avenue North, Minneapolis, MN 55430.

Defendant has no Registered Agent, but can be served at its Registered Office address, 4701 Humboldt Avenue North, Minneapolis, MN 55430.

## GENERAL ALLEGATIONS

### A.   *Plaintiff's Work for Defendant*

18.    Plaintiff was hired on or around December 15, 2010 as a Driver and Installer for Defendant.

19.    Plaintiff's primary duties as a Driver and Installer include transporting car washes to Defendant's customers across the country, disassembling old car washes on Defendant's customers' premises (if needed), and installing car washes manufactured by Defendant at Defendant's customers' locations. Plaintiff transports the car washes via truck.

20.    Although Plaintiff drove Defendant's car washes to the locations of Defendant's various customers, the vast majority of Plaintiff's time was (and still is) spent on-site at the customer's location installing and disassembling car washes. Transporting and assembling the car washes took hundreds of man hours and multiple technicians to complete. Plaintiff and other car wash technicians were required to work 10 to 12 hour-plus days to complete car wash delivery and assembly within the time frames provided by Defendant.

21.    Defendant encouraged Plaintiff and all other technicians to complete the projects in as few days as possible to save on project costs. These costs included expenses such as equipment rental costs, meal costs, and lodging costs. Furthermore, minimizing the number of days Defendant's employees transported and assembled car washes meant Defendant's employees could assemble more car washes for its customers, bringing in more revenue for Defendant. Thus, Plaintiff, and Defendant's other installation technicians, worked long hours when transporting and assembling car washes.

22. Additionally, Plaintiff's job with Defendant requires him to operate, work on, or work with "small vehicles," defined by the Technical Corrections Act of 2008 as being vehicles which weighed 10,000 lbs or less, while traveling between states, or on interstate highways within a state. During the past three years Plaintiff frequently drove, worked on, or was transported in a small vehicles while "on the road" assembling car washes, or while performing work at Defendant's Minneapolis, MN headquarters.

23. Specifically, Plaintiff routinely operated forklifts and routinely drove vans weighing less than 10,000 lbs on interstate highways for picking up and dropping off materials, as required by Defendant. Plaintiff also drove rental cars weighing less than 10,000 lbs for work-related transportation while traveling to other states, as required by Defendant. Plaintiff also rode with salesmen and other technicians in vehicles which weighed less than 10,000 lbs while traveling between various locations while Plaintiff was on the road in other states transporting, and then assembling, car washes, as required by Defendant.

24. Plaintiff was required to drive vans and other vehicles weighing less than 10,000 lbs for certain tasks where Plaintiff was required to pick up or drop off smaller items because it was not practical for Plaintiff to drive a semi-truck for the purposes of transporting individuals or smaller materials. Plaintiff was required to drive vans or other vehicles weighing less than 10,000 lbs while on site at Defendant's client's locations for car wash installations because it was not practical to make short trips in a semi-truck, or to park a semi-truck at a hotel, restaurant, or other establishment. Occasionally Plaintiff was required to drive a rental car to get to a specific job, or to travel home, if his semi-truck was experiencing problems or otherwise needed maintenance.

25. At all relevant times Plaintiff was a W-2 employee and paid an hourly rate of $22.25 per hour prior to his raise in August 2019, and $23.00 per hour after he received his raise. At all

6

relevant times Plaintiff was (and still is) a non-exempt employee.

26. Despite his status as a non-exempt employee, Plaintiff has never been paid at the overtime premium rate for all hours worked in excess of forty (40) in one workweek.

### B. *Applicable State and Federal Overtime and Meal Break Laws*

27. The FLSA provides that:

> No employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

28. Although the Motor Carrier Act of 1980 ("MCA"), exempts interstate truck drivers from the overtime provisions of the FLSA, the Safe, Accountable, Flexible, Efficient Transportation Equity Act Technical Corrections Act of 2008 ("TCA") in turn exempts employees who perform work using "small vehicles" from the exemptions of the MCA. *See* SAFETEA-LU Technical Corrections Act of 2008, Pub. L. No. 109-59, § 306(c), 119 Stat. 1144 (2005). As stated by the U.S. Department of Labor ("DOL") Field Assistance Bulletin No. 2010-2, TCA § 306(c):

> extends FLSA section 7 overtime requirements to employees covered by [TCA] section 306(c), notwithstanding FLSA section 13(b)(1). **This means the overtime pay requirements apply to an employee** of a motor carrier or motor private carrier **in any workweek in** which the employee works, 'in whole or in part', as a driver, driver's helper, loader, or mechanic affecting the safety of operation of **small vehicles** on public highways in interstate or foreign commerce.

*Field Assistance Bulletin No. 2010-2*, U.S. Dep't of Labor (Nov. 4, 2010), https://www.dol.gov/whd/FieldBulletins/fab2010_2.htm (emphasis added).

29. In Field Assistance Bulletin No. 2010-2, the DOL further explains:

> Prior to TCA's enactment, drivers, driver's helpers, loaders or mechanics who performed safety-affecting duties on commercial motor vehicles under SAFETEA-LU were exempt under § 13(b)(1) for four months from the time they actually engaged in the carrier's interstate activities, or from the time they could have been

7

> called upon to engage in the carrier's interstate activities. **TCA overrides the application of the 'four-month rule' in any workweek an employee is covered by section 306(c).**
>
> For example, employees who performed, or could have been called to perform, duties affecting the safe operation of a motor vehicle in interstate commerce in any workweek are exempt from FLSA overtime requirements for the next four months, **except** for workweeks in that period in which their duties, in whole or in part, affect the safe operation of a small vehicle in interstate commerce.

*Id.* (emphasis added to first paragraph only).

30. The MFLSA provides:

> No employer shall employ an employee for a workweek longer than 48 hours, unless the employee receives compensation for employment in excess of 48 hours in a workweek at a rate of at least 1-1/2 times the regular rate at which the employee is employed.

Minn. Stat. § 177.25, subd. 1.

31. Additionally, California's Labor Code requires that employers compensate employees at an overtime premium rate of one and one-half times the employee's standard rate of pay for all hours worked in excess of eight (8) hours in one day, all hours worked over forty (40) in one workweek, and all hours worked on the seventh day of any workweek. Cal. Labor Code § 510(a). California's Labor Code requires employers to compensate employees at two times their standard rate of pay for any hours worked in excess of twelve (12) in one workday. *See id.*

32. California's Labor Code requires employers to provide employees with regular rest or meal breaks. Cal. Labor Code § 512(a). If the employer fails to provide the employee with rest or meal break, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7, subd. c.

33. At all times relevant to this Complaint, Defendant suffered or permitted Plaintiff to routinely perform work in excess of forty (40) hours per week, forty-eight (48) per week, or eight

8

(8) hours per day (for work performed in California) without compensating Plaintiff at the federal and state-required overtime rates.

34. Regularly throughout Plaintiff's employment, Plaintiff was (and still is) required to operate or load small vehicles such that his work was covered by TCA § 306(c). Thus, Plaintiff was owed compensation at the FLSA overtime premium rate for all hours worked over forty (40) during the workweeks in which he operated "small vehicles," defined as vehicles weighing less than 10,000 lbs, pursuant to the FLSA, the MCA, and the TCA.

35. Defendant knew or should have known that, under the FLSA, Plaintiff should have been paid at Plaintiff's overtime premium rate for all hours worked in excess of forty (40) hours per week, forty-eight (48) per week, or eight (8) hours per day (for work performed in California).

36. Despite this, Defendant failed to pay Plaintiff at the federal and state mandated overtime premium rates.

37. Defendant willfully, or in reckless disregard, engaged, adopted and then adhered to its policy and practice of withholding overtime pay from Plaintiff. This policy resulted in Plaintiff not being paid correctly, in violation of the FLSA, MFLSA, and/or California Labor Code.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

38. Plaintiff re-alleges and incorporates all previous paragraphs herein.

39. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

40. Upon information and belief, Defendant's annual sales exceed $500,000 and it has more than two employees, thus the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A).

41. Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of

goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce and therefore, he is also covered by the FLSA on an individual basis.

42. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

43. Plaintiff's position was not exempt from the FLSA at all times in which Plaintiff drove, worked on, or was transported in a vehicle weighing 10,000 lbs or less (a "small vehicle") pursuant to the TCA § 306(c). Plaintiff frequently drove, worked on, or was transported in a small vehicle, either from state to state or on interstate highways within a state, in connection with his work for Defendants.

44. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

45. The FLSA requires an employer to pay employees the federally-mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

46. Defendant violated the FLSA by failing to pay Plaintiff the federally-mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

47. Upon information and belief, Defendant has policies and practices of evading overtime pay for its hourly workers for all compensable time worked.

48. Upon information and belief, Defendant's violations of the FLSA were knowing and willful.

49. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for Plaintiff's work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and

215(a).

50. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

51. Defendant is thus liable to Plaintiff for Plaintiff's unpaid overtime premiums in an amount to be determined at trial, in addition to interest, reasonable attorney's fees, and costs of suit as provided by the FLSA.

## COUNT II
## VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT, MINN. STAT. §§ 177.21, *et seq.*, FAILURE TO PAY OVERTIME WAGES

52. Plaintiff re-alleges and incorporates all previous paragraphs herein.

53. At all times relevant to this action, Defendant was an "employer" under the MFLSA, *see* Minn. Stat. § 177.23, subd. 6, subject to the provisions of the MFLSA, Minn. Stat. §§ 177.21, *et seq.*

54. At all times relevant to this action, Plaintiff was an "employee" of Defendant. See Minn. Stat. § 177.23, subd. 7.

55. Plaintiff's position is not exempt from the MFLSA.

56. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the MFLSA. *See* Minn. Stat. § 177.23, subd. 5.

57. The MFLSA requires an employer to pay employees an overtime premium rate of one and one-half times the employee's regular rate of pay for every hour worked in excess of forty-eight (48) hours in one workweek. Minn. Stat. § 177.25, subd. 1.

58. Plaintiff regularly worked in excess of forty-eight (48) hours per workweek.

59. Defendant failed to pay Plaintiff at the statutorily-required overtime premium rate

for any hours worked in excess of forty-eight (48) hours in one workweek, violating the provisions of the MFLSA.

60. Upon information and belief, Defendant has policies and practices of evading overtime pay for its hourly workers for all compensable time worked.

61. Upon information and belief, Defendant's violations of the FLSA were knowing and willful.

62. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for Plaintiff's work performed in excess of forty hours in a workweek, Defendant has violated the MFLSA, specifically, Minn. Stat. § 177.25, subd. 1.

63. The MFLSA provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees. *See* Minn. Stat. § 177.27, subds. 8, 10.

64. Defendant is thus liable to Plaintiff for Plaintiff's unpaid overtime premiums in an amount to be determined at trial, in addition to interest, reasonable attorney's fees, and costs of suit as provided by the MFLSA.

**COUNT III**
**VIOLATION OF CALIFORNIA LABOR CODE § 510, and IWC WAGE ORDER NO. 9, FAILURE TO PAY OVERTIME WAGES**

65. Plaintiff re-alleges and incorporates all previous paragraphs herein.

66. At all times while Plaintiff performed work for Defendant within the State of California, Plaintiff was an "employee" and Defendant was an "employer" under California's Labor Code.

67. Cal. Labor Code § 510 provides:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of

work in any one workweek shall be compensated at the rate of no less than one and on-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of any employee.

Cal. Labor Code § 510(a).

68. Industrial Welfare Commission Wage Order No. 9 provides that all employees engaged in the transportation industry are entitled to the same overtime pay provisions as those set forth in Cal. Labor Code § 510. *See* IWC Wage Order No. 9 (2018) at 3–4, available at https://www.dir.ca.gov/IWC/IWCArticle9.pdf.

69. Thus, at all relevant times, in addition to the FLSA, Defendant was required to compensate Plaintiff at an overtime rate of one and one-half times his regular rate of pay for all hours worked in excess of eight (8) hours per day and forty (40) hours in one workweek under the Cal. Labor Code and IWC Wage Order No. 9 for all of Plaintiff's work performed in California.

70. Plaintiff worked in excess of eight (8) hours in one workday, and forty (40) hours in one workweek while employed by Defendant and performing work within the State of California. Plaintiff should have been compensated at the rate of one and one-half times his standard rate of pay for all hours worked in excess of eight hours in one workday, and 40 hours in one workweek, but he was not.

71. Plaintiff also worked in excess of 12 hours in one day and/or worked on the seventh day of a workweek, but was not compensated at twice his regular rate for hours worked over 12 hours in one day, nor was he compensated at the rate of one and one-half his standard rate of pay for hours worked on the seventh day of a workweek, as required by Cal. Labor Code § 510.

72. Cal. Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover

13

in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Labor Code § 1194(a).

73. Defendant is thus liable to Plaintiff for Plaintiff's unpaid overtime premiums in an amount to be determined at trial, in addition to interest, reasonable attorney's fees, and costs of suit as provided by Cal. Labor Code § 1194(a).

### COUNT IV
### VIOLATION OF CALIFORNIA LABOR CODE § 512 and IWC WAGE ORDER NO. 9, FAILURE TO PROVIDE REST, MEAL, OR RECOVERY PERIOD BREAKS

74. Plaintiff re-alleges and incorporates all previous paragraphs herein.

75. At all times while Plaintiff performed work for Defendant within the State of California, Plaintiff was an "employee" and Defendant was an "employer" under California's Labor Code.

76. Cal. Labor Code § 512 directs that "[a]n employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent . . . ." Cal. Labor Code. § 512(a). Cal. Labor Code. § 512 also provides that "[a]n employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent . . . ." *Id.*

77. Industrial Welfare Commission Wage Order No. 9 provides that all employees engaged in the transportation industry are entitled to the same meal, rest, and recovery period provisions as those set forth in Cal. Labor Code § 512. *See* IWC Wage Order No. 9 (2018) at 7–8, available at https://www.dir.ca.gov/IWC/IWCArticle9.pdf.

78. Where the employer fails to provide the employee with a meal, rest, or recovery period, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code. § 226.7, subd. c.

79. Cal. Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Labor Code § 1194(a). Because Plaintiff already worked forty or more hours in one workweek, each meal or rest break denied is unpaid overtime pay owed under California's Labor Code.

80. When Plaintiff travelled to California and installed car washes for Defendant's customers located within the State of California, Plaintiff regularly worked in excess of five hours per day, and regularly worked in excess of ten hours per day, without rest, meal, or recovery period breaks.

81. Plaintiff did not waive his right to rest, meal, or recovery period breaks.

82. Defendant is thus liable to Plaintiff for Plaintiff's foregone meal, rest, or recovery period breaks in an amount to be determined at trial, in addition to interest, reasonable attorney's fees, and costs of suit as provided by Cal. Labor Code § 1194(a). Plaintiff's attorney is owed attorney's fees under Cal. Labor Code § 1194(a) because Plaintiff worked in excess of forty (40) hours per week at all times while employed by Defendant, and each meal or rest break owed to Plaintiff is owed at California's overtime premium rate.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

a. Declaring that Defendant violated its obligations under the FLSA;

b. Declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

c. Declaring that Defendant violated its obligations under the MFLSA;

d. Declaring that Defendant willfully violated the MFLSA and its attendant regulations as set forth above;

e. Declaring that Defendant violated its obligations under the California Labor Code;

f. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one-half (.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of 40 hours per week for the past three years as owed under the FLSA;

g. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one-half (.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of 48 hours per week for the past three years as owed under the MFLSA;

h. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one-half (.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of 8 hours per day, 40 hours per week, or any hours worked by Plaintiff on the seventh day of the workweek for the past three years as owed under the California Labor Code;

i. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one (1) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of 12 hours per day, for the past three years as owed under the California Labor Code;

j. Granting judgment in favor of Plaintiff and against Defendant and awarding statutory damages for Defendant's violations of Cal. Labor Code § 510 and § 512 for failure to provide meal, rest, or recovery breaks for the past three years as owed under the California Labor Code;

k. Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid wages found owing to Plaintiff; and awarding Plaintiff and the Class members all other available compensatory damages available by law;

l. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

m. Awarding pre- and post-judgment interest to Plaintiff on these damages;

n. Awarding all legal and equitable relief to Plaintiff under the FLSA; and

o. Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated: February 12, 2020                   JOHNSON BECKER, PLLC

*/s/ Jennell K. Shannon*

Jennell K. Shannon (MN Bar No. 0398672)
444 Cedar Street, Suite 1800
Saint Paul, Minnesota 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
jshannon@johnsonbecker.com

*Counsel for Plaintiff*